**Manuel NAVAR–DIAZ, aka Manuel Diaz, aka Manuel DeJesus Diaz, aka Manuel Navardiaz, aka Manuel DeJesus Navardiaz, aka Manuel Dejesus Vavardiaz, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–72636

United States Court of Appeals, Ninth Circuit.

* The Honorable Royce C. Lamberth, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**340**

Submitted June 14, 2016 *

FILED June 20, 2016

Sarah Vanessa Day, Law Offices of Sarah V. Day, Los Angeles, CA, for Petitioner.

Jeffery R. Leist, Trial Attorney, Sabatino F. Leo, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Manuel Navar–Diaz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand.

The agency determined that Navar–Diaz's theft conviction under California Penal Code § 487(a) was an aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G) that rendered him removable. At the time it decided this case, the agency did not have the benefit of this court's decision in *Lopez–Valencia v. Lynch,* 798 F.3d 863, 871 (9th Cir. 2015), concluding that "California's theft statute is both overbroad and indivisible . . . and a conviction under it can never be a 'theft

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

offense' as defined in 8 U.S.C. § 1101(a)(43)(G)." Because Navar–Diaz is no longer removable on this ground, we grant the petition for review, and remand.

In light of this disposition, we need not reach Navar–Diaz's remaining contentions regarding due process or his request for a continuance.

**PETITION FOR REVIEW GRANTED; REMANDED.**